UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Sherry Flower,                    :
        Petitioner,               :
                                  :
        v.                        :        File No. 2:02-CR-113-06
                                  :
United States of America,         :
        Respondent.               :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 182)

Petitioner Sherry Flower has filed a motion to
vacate, set aside, or correct her sentence pursuant to
the provisions of 28 U.S.C. § 2255. (Paper 182). In
2003, Flower entered a guilty plea to one count of
conspiracy to distribute crack cocaine, and was
subsequently sentenced to 36 months in prison to be
followed by four years of supervised release. Flower now
claims that (1) her plea was involuntary, (2) her
attorney was ineffective for failing to offer the results
of a psychological test at sentencing, and (3) she is
entitled to re-sentencing under Blakely v. Washington,
124 S. Ct. 2531 (2004). The government opposes the
motion. (Paper 185). For the reasons set forth below, I
recommend that the motion be DENIED.

Factual Background

On September 9, 2002, a grand jury returned a

superseding indictment charging Flower and her co-
defendants with, *inter alia*, conspiracy to distribute
more than 5 grams of crack cocaine in violation of 21
U.S.C. §§ 841(a)(1), 841 (b)(1)(B) and 846.  (Paper 8).
On March 28, 2003, Flower entered a guilty plea on this
charge.  Although the statutory minimum penalty for the
crime was five years, Flower's plea agreement called for
the government to move for a downward departure and for
an agreed upon sentence of 36 months pursuant to Fed. R.
Crim. P. 11(c)(1)(C).  (Paper 98).  The government also
agreed to dismiss the remaining charges against her.  Id.

The pre-sentence report (PSR) concluded that because
Flower had two prior "violent felony" convictions, she
was a career offender pursuant to Federal Sentencing
Guideline § 4B1.1.  Flower's base offense level under the
Guidelines was 34, which when adjusted for acceptance of
responsibility resulted in a total offense level of 31.
The resulting sentencing range under the Guidelines was
188 to 235 months.

The government reports that at her August 7, 2003
sentencing, Flower did not object to the conclusions of

2

the PSR.[1]  Flower also allegedly advised the Court that
she had read the PSR and that there were no factual
errors therein.  (Paper 185 at 2).  Consequently, the
Court accepted the plea agreement, granted the
government's motion for a downward departure, and
sentenced Flower to 36 months in prison to be followed by
four years of supervised release.  (Docket Entry dated
August 7, 2003).  Flower did not appeal her conviction
and sentence.

## Discussion

Section 2255 is intended to remedy fundamental
defects in a criminal prosecution.  See United States v.
Addonizio, 442 U.S. 178, 185 (1979).  A court may grant
relief under § 2255 only for constitutional errors, lack
of jurisdiction or an error of law constituting a
fundamental defect which inherently results in a complete
miscarriage of justice.  See Graziano v. United States,
83 F.3d 587, 590 (2d Cir. 1996).  The Supreme Court has
defined a miscarriage of justice as a claim of actual

---

[1]  The accuracy of the PSR is not at issue in the
current § 2255 motion.  Because the question of whether
Flower posed an objection to the accuracy of the PSR at
sentencing is immaterial, the Court accepts the
government's representation of the facts on this point.

3

innocence.  See United States v. Olano, 507 U.S. 725, 736
(1993).  Furthermore, claims are generally foreclosed if
not raised on direct appeal unless the petitioner can
show cause for and prejudice resulting from the failure
to appeal, or actual innocence.  See Bousley v. United
States, 523 U.S. 614, 622 (1998); Fountain v. United
States, 357 F.3d 250, 254 (2d Cir. 2004).  Ineffective
assistance of counsel claims, however, are generally
excepted from this cause and prejudice requirement and
may be brought for the first time in a § 2255 motion.
See Massaro v. United States, 538 U.S. 500, 504 (2003).

I.   Involuntary Plea

     Flower's first claim is that her conviction was
obtained with a guilty plea that was "not made
voluntarily or with understanding of the nature of the
charge or consequences of [sic] plea."  (Paper 182 at 5).
Her only factual support for this claim makes a vague
reference to the results of a "test," and asserts that
the test results would have given the Court "a better
understanding of [her] state of mind, and may have had a

4

large impact at sentencing."[2]  Flower has not provided any other facts with respect to her claim that her plea was involuntary.

This claim was never raised on direct appeal.  As noted above, claims not raised on direct appeal are precluded from § 2255 review unless the petitioner can demonstrate cause for not taking an appeal and actual prejudice resulting therefrom, or that she is actually innocent.  See Fountain, 357 F.3d at 254.  As to the question of what constitutes sufficient "cause" to overcome this bar, "[t]he Supreme Court has stated that "'cause' . . . must be something *external* to the petitioner, something that cannot be fairly attributed to [her]."  Marone v. United States, 10 F.3d 65, 67 ( 2d Cir. 1993) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)) (emphasis in original).

Flower has offered no reason for her failure to

---

[2]  As explained below, Flower has supplemented her petition, at the Court's request, and provided additional facts about this "test."  Those facts, however, do not appear to have any bearing on her claim that her plea was involuntary.  In fact, each time Flower makes reference to this "test" it is in the context of a claim that the "test" should have been presented at sentencing.  This allegation is discussed in greater detail below as part of Flower's ineffective assistance of counsel claim.

raise her involuntary plea claim.  Nor has she attempted
to show prejudice.  Indeed, her factual claims appear to
pertain to the evidence presented at sentencing, rather
than the events surrounding her entry of a guilty plea.
Because Flower has not shown cause or prejudice with
respect to her failure to bring this claim on appeal, her
involuntary plea claim is procedurally barred.

Furthermore, there is nothing in the current record
to support a conclusion that Flower's plea was
involuntary.  The transcript from the Change of Plea
hearing shows that Flower acknowledged her plea
agreement; understood the consequences of her plea;
agreed that the government had sufficient facts to
support a conviction; and confirmed that no one had
threatened her or forced her to plead guilty.  (Paper 207
at 19-21, 23, 26 and 29-31).  Moreover, after Flower and
her co-defendants entered their pleas as a group, the
Court excused the co-defendants and spent additional time
on the record with Flower individually to ensure that she
understood certain aspects of her plea agreement.  Id. at
36-41.  Given this record, there is no support for
Flower's claim that her plea was involuntary, and the

claim should be DENIED.

II.   Ineffective Assistance of Counsel

Flower next claims that her attorney's performance deprived her of her constitutional right to effective counsel.  She again cites the "test" mentioned above, claiming that "[c]ounsel should have brought this test to the attention of the court in sentencing.  Counsel also used intimidation tactics, knowing there was no way defendant could comprehend or grasp the nature of such plea agreement."  With respect to the "test" in question, the Court has previously noted that Flower "has not provided facts about the nature or content of this test, and has not specified the relevance of the test to her plea and sentencing."  (Paper 202 at 1).  Consequently, in an Order dated April 13, 2005, the Court granted Flower "leave to supplement her § 2255 motion to the extent that she wishes to provide the Court with additional information about the test referenced in the text of her motion."  Id. at 2.

In response to the Court's Order, Flower wrote that the test referenced in her § 2255 motion was an "(MMPI) test that I took at Otter Creek Assoc. with Jon Larson in

7

Burlington, VT." (Paper 203).  Flower reiterated her belief that the test results should have been admitted at sentencing, but explained that "I cannot provide you with any more information."  Id.  She did add that the test was "a 5,000 test ordered through court and weighed heavily in my family court hearing," but that she was unable to obtain a copy from her attorney, her husband's attorney, or the state family court.  Id.  In the absence of the report or a description of its contents, the government states that it is "unable to specifically address" Flower's claims.  As to Flower's claim that her attorney used "intimidation tactics," she has not offered any specific facts to support this claim.

"[T]he proper standard for attorney performance is that of reasonably effective assistance."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.  See Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).  Thus, a defendant must establish (1) that counsel made errors so

8

serious that he was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense.  See Hernandez v. United States, 202 F.3d 486, 488 (2d Cir. 2000) (citing Strickland, 466 U.S. at 687-691).

To satisfy the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness.  More specifically, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and the deficient performance so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." Strickland, 466 U.S. at 687; see also United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987).  In conducting the ineffective assistance inquiry, a court must maintain a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  See Strickland, 466 U.S. at 689.  The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in

the exercise of reasonable professional judgment.  <u>See</u>
<u>id.</u> at 690.  In evaluating counsel's performance, the
court is to look to "an objective standard of
reasonableness . . . under prevailing professional norms"
and apply this standard in light of all the circumstances
in the case.  <u>Id.</u> at 688, 690.

As to the prejudice component of <u>Strickland</u>, a court
must determine whether, absent counsel's error, it is
reasonably probable that the outcome of the proceeding
would have been different.  <u>See</u> <u>Mayo v. Henderson</u>, 13
F.3d 528, 534 (2d Cir. 1994).  A reasonable probability
is a probability sufficient to undermine confidence in
the outcome.  <u>Strickland</u>, 466 U.S. at 703.

In this case, the facts presented do not support a
claim for ineffective assistance of counsel.  There is
nothing in the record to support Flower's claim that her
attorney intimidated her into agreeing to a guilty plea.
Indeed, as set forth above, the Change of Plea transcript
demonstrates that Flower's plea was both knowing and
voluntary.  With respect to the "test" that allegedly
should have been submitted at sentencing, there is
nothing to suggest either that counsel's failure to

10

present this test to the Court was unreasonable, or that Flower was harmed by this alleged failure.

If anything, the record shows that Flower's crime called for a long prison term, and that the plea deal she achieved through counsel was extremely favorable.  As a career offender, Flower faced a statutory minimum sentence of 5 years, and a Guideline range beginning at over 15 years.  The fact that her ultimate sentence was 36 months for crimes to which she admitted in open court can hardly be criticized as prejudicial.  Indeed, given the deference to counsel required by Strickland, this Court should not conclude that counsel's performance in obtaining a 36 month sentence for Flower was constitutionally ineffective.  See Jimenez v. United States, 2001 WL 699060, at * 5 (S.D.N.Y. June 20, 2001) ("Courts have refused to find ineffective assistance of counsel in cases where defendants have received tangible benefits from the plea agreements negotiated by counsel.") (collecting cases).  For these reasons, I recommend that Flower's claim of ineffective assistance of counsel be DENIED.

III.  *Blakely* Claim

Flower's third claim is that she was "denied [sic] right to appeal." (Paper 182 at 5). Her factual support for this claim, however, states that "I understand there is now new law under Blakely v. Washington." Id. The Court construes this claim as stating that, although Blakely had not been decided at the time her criminal case concluded in 2003, Flower would now like to avail herself of the Blakely decision and whatever relief it may provide.

In Blakely, the Supreme Court held that Washington State's sentencing procedures violated the Sixth Amendment, but declined to opine on the constitutionality of the Federal Sentencing Guidelines. 124 S. Ct. at 2538 n.9. Subsequently, the Blakely holding was extended to the Federal Sentencing Guidelines in United States v. Booker, 125 S. Ct. 738 (2005), wherein the Court held that the Guidelines "violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge." Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) (citing Booker, 125 S.

12

Ct. at 755-56).

Here, there is no suggestion that the sentence authorized by Flower's guilty plea was increased based upon facts found by the Court.  Moreover, the Second Circuit has held that Booker does not apply retroactively to cases on collateral review.  Id. at 144. Specifically, the Guzman court determined that although Booker established a new rule of constitutional law, the rule was procedural rather than substantive.  Id. at 141-42.  Guzman further held that the rule announced in Booker did not establish a "watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceedings,'" and thus could not be applied retroactively.  Id. at 142-43 (quoting Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004)).

Consequently, the law in this Circuit is that Booker is not retroactive, "i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker was issued."  Id. at 144.  Similarly, courts in this Circuit have uniformly held that Blakely, which was decided in 2004, may not be applied retroactively.

13

See Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) ("[N]either Booker nor Blakely apply retroactively to [petitioner's] collateral challenge" for purposes of second or successive motion); Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has yet to make Blakely retroactive on collateral review); see also Steele v. United States, 2005 WL 704868, at *16 n. 18 (S.D.N.Y. Mar. 29, 2005); Nnebe v. United States, 2005 WL 427534, at *9 (S.D.N.Y. Feb. 22, 2005).  Because Flower's conviction was final prior to either the Blakely or Booker decisions, her request for relief under Blakely should be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Flower's motion (Paper 182), filed pursuant to 28 U.S.C. § 2255, be DENIED.

Dated at Burlington, in the District of Vermont, this 28th day of June, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

14

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).